IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| JOHANNA GAYDOS and DAVID BAMBER, <br><br> Plaintiffs, <br><br> -against- <br><br> TD AUTO FINANCE LLC, and JOHN DOE, <br><br> Defendants. | Civil Case Number: <br><br> <u>CIVIL ACTION</u> <br> COMPLAINT <br> AND <br> DEMAND FOR JURY TRIAL |

Plaintiffs JOHANNA GAYDOS and DAVID BAMBER, both Florida residents, bring this Complaint by and through the undersigned attorneys, against Defendant TD AUTO FINANCE, LLC and Defendant JOHN DOE (collectively, the "Defendants").

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. The Court also has supplemental jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

1

## NATURE OF THE ACTION

3. Plaintiffs bring this action because Defendants unlawfully repossessed their vehicle despite lacking an enforceable security interest in it, thereby violating the Florida Uniform Commercial Code ("FL UCC"). Plaintiffs also bring a claim against Defendant JOHN DOE for unlawfully repossessing her vehicle in violation of the Fair Debt Collection Practices Act ("FDCPA"), codified at 15 U.S.C. § 1692.

4. Plaintiffs seek return of their illegally seized vehicle, statutory, punitive, and actual damages, as well as attorneys' fees and costs.

## PARTIES

5. Plaintiff JOHANNA GAYDOS ("Plaintiff") is a natural person and a resident of Tampa, Florida, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

6. Plaintiff DAVID BAMBER ("Plaintiff") is a natural person and a resident of Tampa, Florida, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant TD AUTO FINANCE, LLC ("TD Auto") is an American bank headquartered in San Antonio, Texas.

8. Defendant JOHN DOE ("John Doe") is a repossession company based in Florida.

9. Upon information and belief, Defendant John Doe is a company that uses the mail, telephone, or facsimile in a business whose principal purpose is the enforcement of security interests, namely the repossession of vehicles by lenders.

10. For purposes of Plaintiffs' claim under 15 U.S.C. § 1692f(6), Defendant John Doe is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

11. Plaintiffs repeat, reiterate, and incorporate the allegations contained in the above paragraphs with the same force and effect as if the same were set forth at length herein.

12. Plaintiffs own a 2024 VW Atlas (the "Vehicle"), which they purchased brand new from a Volkswagen dealership in Tampa, Florida, which purchase was financed through a loan with Suncoast Credit Union ("Suncoast").

13. Plaintiffs purchased the Vehicle for their own personal use and enjoyment.

14. While owned by Plaintiffs, the Vehicle has always had a clean title and no liens recorded against the title, other than the Suncoast loan.

15. Plaintiffs are the original owners of this vehicle and have never been

aware of any liens or financing secured by the Vehicle, other than the Suncoast loan.

16. Upon information and belief, however, and unbeknownst to Plaintiff, Defendant TD Auto erroneously claims it has a security interest in the Vehicle, and that it is owed money on an auto loan secured by that vehicle.

17. The money allegedly owed on the TD Auto loan is a consumer "debt" as that term is defined in 15 U.S.C. § 1692a(6).

18. As a result, TD Auto contracted with Defendant John Doe – either directly or through a middleman known as a 'forwarder' in the repossession industry - to repossess Plaintiffs' vehicle.

19. On or about November 19, 2025, Defendants unlawfully repossessed the Vehicle from Plaintiffs' private driveway in Tampa, Florida.

20. Upon discovering that the Vehicle was missing, and thinking the Vehicle to be stolen, Plaintiffs immediately contacted law enforcement.

21. Law enforcement informed Plaintiffs that TD Auto had issued the order for repossession of the Vehicle.

22. Plaintiffs have made repeated attempts to contact TD Auto regarding the wrongful repossession, but TD Auto has failed to respond

to Plaintiffs' communications.

23. Plaintiffs have not regained possession of the Vehicle as of the date of this Complaint.

24. Property belonging to Plaintiff, including Ms. Gaydos' purse and the carseats needed for the Plaintiffs' children, remains inside the Vehicle.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692f *et seq.***
**(Against John Doe)**

25. Plaintiffs repeat, reiterate, and incorporate the allegations contained in paragraphs 1-24 with the same force and effect as if the same were set forth at length herein.

26. Plaintiffs bring this Count against Defendant John Doe.

27. Section 1692f of the FDCPA prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect any debt.

28. Section 1692f(6) of the FDCPA specifically prohibits debt collectors from taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if:

    (A) there is no present right to possession of the property claimed as collateral through an enforceable security

    interest; or

  (C) the property is exempt by law from such dispossession or disablement.

29. At the time of the repossession, Defendant did not have an enforceable security interest in Plaintiffs' vehicle, but it seized the Vehicle anyway and continues to hold that vehicle.

30. Furthermore, because Defendant did not have an enforceable security interest in the vehicle, the Vehicle was clearly exempt by law from dispossession.

31. As a result, Defendant John Doe violated 15 USC § 1692f(6) when it repossessed Plaintiffs' vehicle.

32. By illegally repossessing Plaintiffs' vehicle in violation of the FDCPA, Defendant harmed Plaintiff, in subjecting Plaintiffs to improper and deceptive collection activity, in violation of Plaintiffs' statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, and from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.

33. Defendant's illegal activity also harmed Plaintiffs by causing Plaintiffs to suffer actual damages including anger, anxiety, emotional distress, frustration, embarrassment, loss of time, economic expenses and deprivation of the use of their vehicle and possessions.

34. By reason thereof, Defendant John Doe is liable to Plaintiffs for judgment that Defendants' conduct violated 15 USC §1692f, statutory damages, actual damages, costs and attorneys' fees.

## COUNT II

### WRONGFUL REPOSSESSION
### Florida Statute § 679.601 and 679.609 et seq.
### (Against All Defendants)

35. Plaintiffs repeat, reiterate, and incorporate the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

36. Plaintiffs bring this Count against all Defendants.

37. Florida only permits self-help repossession of consumer motor vehicles only after default, and only where the lender has an enforceable security interest. Fla. Stat. §§ 679.601, 679.609.

38. At the time of the repossession, Defendants did not have an enforceable security interest in Plaintiffs' vehicle, but they seized the Vehicle anyway and then held that vehicle for a period of time, despite being alerted that they had no right to take the Vehicle.

39. As a direct and proximate result of Defendants' illegal repossession, Plaintiffs suffered damages, including the loss of use of the Vehicle and the possessions contained therein, and the loss of the right to pre

repossession judicial process.

40. By illegally repossessing Plaintiffs' vehicle in violation of the UCC, Defendants harmed Plaintiffs, by subjecting them to improper and unconscionable collection practices in violation of her statutory rights.

41. Defendants' illegal activity also harmed Plaintiffs by causing them to suffer actual damages including anger, anxiety, emotional distress, frustration, embarrassment, loss of time, loss of personal property, economic expenses, and deprivation of the use of their vehicle and possessions.

## COUNT III

### CONVERSION
### (Against All Defendants)

42. Plaintiffs repeat, reiterate, and incorporate the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

43. Plaintiffs bring this Count against all Defendants.

44. On or about November 19, 2025, Plaintiffs had actual and constructive possession of their Vehicle.

45. On or about November 19, 2025, Defendants took possession of Plaintiffs' vehicle and deprived Plaintiffs of the use of that vehicle.

46. As set forth above, this was done illegally, without an enforceable

security interest.

47. As a result, Defendants did not have the right to assume possession of this vehicle.

48. Defendants' conversion of Plaintiffs' vehicle harmed Plaintiffs, by depriving Plaintiffs of the use of their vehicle and the possessions therein.

49. Defendants' illegal activity also harmed Plaintiffs by causing Plaintiffs to suffer actual damages including anger, anxiety, emotional distress, frustration and embarrassment, loss of time, economic expenses, and deprivation of the use of their vehicle and possessions.

50. By reason thereof, Defendants are liable to Plaintiffs for judgment that Defendants wrongfully converted Plaintiffs' vehicle, actual damages, punitive damages, costs and attorneys' fees.

## COUNT IV

### REPLEVIN
### (Against All Defendants)

51. Plaintiffs repeat, reiterate and incorporate the allegations contained in the preceding paragraphs above herein with the same force and effect as if the same were set forth at length herein.

52. Plaintiffs bring this count against all Defendants.

53. On or about November 19, 2025, Defendants took possession of Plaintiffs' vehicle and deprived Plaintiffs of the use of that vehicle.

54. As set forth above, this was done illegally, without an enforceable security interest.

55. As a result, Defendants did not have the present right to possession of Plaintiffs' vehicle when they attempted to repossess it and were prohibited from repossessing it.

56. To this day, Defendants intentionally and wrongfully continue to exercise control and dominion over the Vehicle and have refused to return it.

57. The Vehicle has a value far in excess of twenty dollars, as the Vehicle was purchased by Plaintiffs for tens of thousands of dollars.

58. Plaintiffs had an immediate possessory interest in the Vehicle when it was repossessed, and continues to have that same interest to this day.

59. At all times, Defendants knew that they had no possessory rights to the Vehicle, but nonetheless wrongfully took the Vehicle from Plaintiffs without legal right.

60. Defendants' actions harmed Plaintiffs, by wrongfully taking and holding their vehicle, along with the possessions contained therein.

61. Defendants' illegal activity also harmed Plaintiffs by causing Plaintiffs to suffer actual damages including anger, anxiety, emotional distress, frustration and embarrassment, loss of time, loss of personal

property, economic expenses, and deprivation of the use of their vehicle and possessions.

62. By reason thereof, Plaintiffs are entitled to have the Vehicle replevied and to be restored to full and immediate possession of the Vehicle.

## DEMAND FOR TRIAL BY JURY

63. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby request a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs demand judgment against Defendants as follows:

(a) awarding Plaintiffs actual and punitive damages;

(b) awarding Plaintiffs statutory damages, along with the attorneys' fees and expenses incurred in bringing this action;

(c) awarding Plaintiffs the return of their vehicle and the possessions contained therein;

(d) awarding pre-judgment interest and post-judgment interest; and

(e) awarding Plaintiffs such other and further relief as this Court may deem just and proper.

Dated: November 21, 2025      By:    */s/ Joseph Kanee*
                                                    Joseph H Kanee, Esq.
                                                   Fla. Bar No. 1040922
                                                   **THE KANEE LAW FIRM, PLLC**
                                                   1508 SW 23 Street
                                                   Fort Lauderdale, FL 33315
                                                   (786) 933-2775
                                                   joseph@kaneelaw.com

                                                   *Attorney for Plaintiffs*